IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NATHANIEL J. SMITH, #M50212, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 17-cv-00604-NJR ) |
| LILLIAN OVERALL and C. SCHULZE, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM & ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Nathaniel Smith, an inmate who is currently incarcerated at Vandalia Correctional Center ("Vandalia"), brings this civil rights action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. (Doc. 1). According to the Complaint, Plaintiff suffered from a toothache associated with a broken tooth for three months at Vandalia. (Doc. 1, p. 5). Plaintiff claims that the delay in treatment violated his rights under the Eighth Amendment. *Id*. He now sues the prison's dentist (Doctor Lillian Overall) and a counselor (C. Schulze) for monetary damages. (Doc. 1, p. 7).

This case is now before the Court for a preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A,[1] which provides:

---

[1] It is not clear whether Plaintiff was a prisoner within the meaning of 28 U.S.C. § 1915A(c) on the date he filed this action. Although he lists his address as Vandalia Correctional Center on the first page of his Complaint (Doc. 1, p. 1) and under his signature (Doc. 1, p. 7), Plaintiff lists a private return address on the envelope. Complaints filed by non-prisoners are not screened under § 1915A. In the case of a non-prisoner who seeks leave to proceed as a poor person under 28 U.S.C. § 1915, the Complaint is instead screened under 28 U.S.C. § 1915(e)(2), which authorizes dismissal when an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune. The Complaint survives review under both § 1915A and § 1915(e)(2).

1

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Complaint survives preliminary review.

### The Complaint

Plaintiff alleges that he suffered from a broken tooth during his incarceration at Vandalia in 2016. (Doc. 1, pp. 5, 8). The prison's dentist, Doctor Overall, did not respond to his written requests for treatment for three months. (Doc. 1, pp. 5, 8-9). As a result, Plaintiff endured extreme pain and difficulty eating. *Id*.

Along with his Complaint, Plaintiff submitted a copy of four written requests for dental treatment. (Doc. 1, pp. 5, 8-9). In the first one dated July 24, 2016, Plaintiff stated that he was experiencing a "dental emergency." (Doc. 1, p. 9). He explained that one of his teeth was broken,

resulting in extreme pain and an inability to eat. *Id*. He asked that one or more teeth be extracted. *Id*.

In the second written request dated August 8, 2016, Plaintiff stated, "I am in extreme pain[.] I have a broken tooth and cannot eat[.] I need to see Dentist to have [a] tooth pulled and checked out." (Doc. 1, p. 9). The form is entitled "Dental Emergency." *Id*.

In his third request dated August 25, 2016, Plaintiff again stated that he broke a tooth, and he asked that it be extracted. (Doc. 1, p. 8). He referred to numerous other written requests for treatment that remained unanswered. *Id*.

On August 29, 2016, Plaintiff submitted a fourth Offender Request, in which he again complained of tooth pain and an inability to eat. (Doc. 1, p. 8). Plaintiff also indicated that he was out of ibuprofen. *Id*. Almost three months after submitting his first request for dental care, Doctor Overall finally extracted Plaintiff's tooth. (Doc. 1, p. 5). Plaintiff maintains, however, that the delay in treatment caused him to endure unnecessary and excruciating pain and difficulty eating. *Id*. He now seeks monetary damages against Doctor Overall and Counselor Schulze. (Doc. 1, p. 7).

## **Discussion**

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* Complaint (Doc. 1) into the following counts:

**Count 1 -** Eighth Amendment claim for denying Plaintiff adequate dental care for a broken tooth at Vandalia in 2016.

**Count 2 -** Fourteenth Amendment due process claim for ignoring, delaying, or denying Plaintiff's grievances regarding an untreated broken tooth and associated dental pain in 2016.

As discussed in more detail below, Count 1 survives screening against Doctor Overall and shall receive further review. All other claims shall be dismissed.

**Count 1**

Plaintiff's primary claim is governed by the Eighth Amendment to the United States Constitution, which protects prisoners from cruel and unusual punishment. U.S. CONST., amend. VIII. The Eighth Amendment safeguards prisoners against a lack of medical care that may result in pain and suffering serving no penological purpose. *See Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (citations omitted). To state an Eighth Amendment claim based on the denial of medical care, a prisoner must show that (1) he had a sufficiently serious medical need (an objective standard), and (2) state officials acted with deliberate indifference to his health or safety (a subjective standard). *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001).

The Seventh Circuit has observed that there is no "precise metric to assess when a plaintiff's medical need is sufficiently serious." *Green v. Pollard*, 335 F. App'x 612, *2 (7th Cir. 2009). However, the objective standard typically encompasses conditions that have been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would recognize the need for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Dental care is recognized as being "one of the most important medical needs of inmates." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (citation omitted). "Objectively serious" dental needs may include a dental condition that causes the inmate to suffer other health problems, like extreme pain, bleeding, infection, or problems eating. *Id.* at 593 (citations omitted). The broken

4

tooth and associated pain that Plaintiff describes in the Complaint are sufficiently serious to satisfy the objective component of this claim at screening.

In order to satisfy the subjective component of the claim, the Complaint must also "demonstrate that prison officials acted with deliberate indifference." *Greeno*, 414 F.3d at 653 (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Deliberate indifference is shown when an official "know[s] of and disregard[s] an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and by "'draw[ing] the inference.'" *Greeno*, 414 F.3d at 653 (quoting *Farmer*, 511 U.S. at 834). Negligence, or even gross negligence, does not support a deliberate indifference claim. *Id.*

Delays in treating a medical condition may amount to deliberate indifference where the delay causes an inmate to suffer unnecessary pain or causes his health to deteriorate. *See Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010) (delay in treating inmate who suffered from tooth decay and serious dental pain that ultimately necessitated root canal stated claim of deliberate indifference against prison medical providers). The allegations suggest that Doctor Overall delayed treatment of Plaintiff's broken tooth for up to three months, resulting in unnecessary pain and eventual loss of his tooth. In light of these allegations, Count 1 cannot be dismissed against Doctor Overall.

This claim does not survive preliminary review, however, against Counselor Schulze. Plaintiff names this individual as a defendant in his Complaint but does not mention the counselor in the statement of his claim. (Doc. 1, p. 5). Plaintiff also fails to mention Counselor Schulze in the exhibits to his Complaint. (Doc. 1, pp. 6, 8-9). Invoking the name of a potential defendant is not enough to state a claim against that individual. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the

defendant's name in the caption."). "[T]o be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Because Plaintiff sets forth no allegations which suggest that Counselor Schulze was involved in a deprivation of Plaintiff's constitutional rights, this claim shall be dismissed without prejudice against the counselor.

## Count 2

The Complaint articulates no independent due process claim against the defendants who allegedly mishandled Plaintiff's grievances. Along with the Complaint, Plaintiff submitted a copy of four written requests for dental care. (Doc. 1, pp. 5, 8-9). He asserts that the defendants failed to address these requests for a tooth extraction and pain medication in a timely manner. (Doc. 1, p. 5). This conduct does not support an independent Fourteenth Amendment claim against the defendants. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982). Under the circumstances, Count 2 shall be dismissed with prejudice against both of the defendants.

## Pending Motions

Plaintiff has filed a Motion for Leave to Proceed *in forma pauperis* (Doc. 2), which shall be addressed in a separate Order of this Court.

Plaintiff has also filed a Motion to Appoint Counsel (Doc. 3), which shall be **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for a decision.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** is subject to further review against Defendant **LILLIAN OVERALL**.

**IT IS ALSO ORDERED** that **COUNT 1** is **DISMISSED** without prejudice against Defendant **C. SCHULZE** for failure to state a claim upon which relief may be granted, and **COUNT 2** is **DISMISSED** with prejudice against both defendants on the same ground.

With regard to **COUNT 1**, the Clerk of Court shall prepare for Defendant **OVERALL**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper

received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, including a decision on Plaintiff's Motion to Appoint Counsel (Doc. 3).

Further, this entire matter is hereby **REFERRED** to United States Magistrate Judge **Wilkerson** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, whether or not his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in

the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 13, 2017**

*[signature]*

**NANCY J. ROSENSTENGEL**
**United States District Judge**