UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

NATHANIEL J. SMITH,

    Plaintiff,

    v.

LILLIAN OVERALL and C. SCHULZE,

    Defendants.

Case No. 17-cv-604-JPG-GCS

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 56) of Magistrate Judge Gilbert C. Sison recommending that the Court grant defendant Lillian Overall's motion for summary judgment (Doc. 49). Although he did not respond to Overall's summary judgment motion, plaintiff Nathaniel J. Smith has filed two objections to the Report (Docs. 57 & 58) along with a motion for an extension of time to respond to Overall's summary judgment motion (Doc. 59) and a response (Doc. 60).

**I.    Report Review Standard**

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

**II.    Background**

This case arose after Smith, an inmate at Vandalia Correctional Center at the time,

developed a broken tooth. He alleges that he sought dental treatment from Overall, a prison dentist, but did not get an appointment until three months later. In the meantime, he was in pain and had trouble eating and drinking.

In her motion for summary judgment, filed in September 2018, Overall presented evidence that Smith was seen by a nurse three days after he first reported his broken tooth on July 24, 2016, but that he refused treatment at that time. Shortly thereafter, Smith filed a grievance about his toothache, but Overall was not aware of the grievance. Overall saw Smith on August 15, prescribed pain medication, and scheduled an extraction nine days later. The extraction had to be delayed until September 7 because of a prison emergency drill on the originally scheduled date, but Overall extracted the tooth on September 7 and prescribed pain medication. She did not know Smith was in need of pain medication during the delay and was not responsible for scheduling inmate dental visits or prison emergency drills.

Smith did not respond to Overall's summary judgment motion by the 30-day deadline established by Local Rule 7.1(c) despite being given the summary judgment warning required by *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). Nor did he respond before the extended deadline of June 21, 2019, granted *sua sponte* by the Court. In both the *Lewis v. Faulkner* warning and the *sua sponte* extension, Smith was warned that the failure to respond could be construed an admission of the merits of the motion. Nevertheless, he did not respond.

**III. The Report and Objections**

Magistrate Judge Sison recommends that the Court construe Smith's failure to respond as an admission of the merits of the motion. He found this course of action appropriate in light of Overall's convincing evidence showing that she promptly treated his dental problem once she

became aware of it, that she was not responsible for any delays, and that the delays did not exacerbate Smith's dental problems.

In his two objections, Smith complains that he did not receive any notice of any of the summary judgment documents until he received the Report. He also states that he has been in the hospital many times over the last year and cannot afford counsel.

In his response to the summary judgment motion, Smith disputes that he refused treatment on August 27, 2016, three days after he complained about tooth pain. He also states that Overall was aware of his dental pain well before his August 15 visit. He cites the scheduling of that visit as proof that she had received his dental request slips since he began writing them in early July. He also faults Overall for not pulling his tooth on August 15 as soon as she recognized the broken tooth needed to be pulled.

## IV. Analysis

The Court reviews the matter *de novo*.

As for Smith's alleged failure to receive documents regarding summary judgment, the Court believes that the fault, if any, lies on Smith's end. Normally, when a document sent by the Court cannot be delivered by the U.S. Postal Service, it is returned to the Court with indications it was undeliverable. Here, the Court sent five documents to Smith by mail after the summary judgment motion was filed (Docs. 52, 53, 54, 55 & 56) spanning the time from October 2018 to June 2019, noting separately on the docket sheet that each document was mailed. None was returned as undeliverable; Smith acknowledges receipt of the last, the Report. It is implausible that, with respect to all four documents Smith claims not to have received, the Clerk of Court failed to mail them or the U.S. Postal Service failed to deliver all of them without

returning any of them. It is far more likely a failure occurred once the documents were delivered to the address Smith gave the Court, a part of the communication process for which Smith was responsible. He did not take care of that end of the communication.

More importantly, Smith has not presented any evidence convincing the Court that the conclusion of Magistrate Judge Sison's Report is wrong. Even considering Smith's belated response to the summary judgment motion, the undisputed evidence shows that, although someone in the dental office knew of Smith's toothache before August 15 and scheduled the August 15 appointment, Overall herself did not. When she saw Smith on August 15, she recognized his problem, scheduled a procedure to remedy that problem, and gave him pain medication in the meantime. Although Smith would have preferred her to have pulled his tooth right away, it was reasonable for Overall to have scheduled an extraction in the near future and treated his pain in the interim. Overall was not responsible for the delay in the extraction due to the emergency drill and was not aware that at any time during the delay Smith did not have pain medication. When she eventually extracted the tooth, she prescribed pain medication. No reasonable jury could find from these facts that Overall was deliberately indifferent in Smith's care and treatment. For this reason, the Court will grant Overall's motion for summary judgment.

**V. Conclusion**

The Court has reviewed the matter *de novo* and hereby:

- **GRANTS** Smith's motion for an extension of time to respond to the summary judgment motion (Doc. 59) and has considered his belated response (Doc. 60) in deciding this matter;

- **ADOPTS** the Report (Doc. 56) as **SUPPLEMENTED** by this order;

- **OVERRULES** Smith's objections (Docs. 57 & 58);

- **GRANTS** Overall's motion for summary judgment (Doc. 49); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: August 19, 2019**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**